**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:24CV-P176-CRS**

**KEVIN MICHAEL OKUM**                                                                        **PETITIONER**

**v.**

**ADAM SMITH** *et al.*                                                                            **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Kevin Michael Okum filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases[1] in the United States District Courts. Upon review, the Court directed Okum to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies. Okum did not file a response to the Show Cause Order. For the reasons set forth below, the Court will dismiss the petition for failure to exhaust state remedies.

**I.**

On the petition form, Okum states that his probation was revoked by the Christian County Circuit Court on February 12, 2024. He states that he filed an appeal to the Christian County Circuit Court on November 20, 2024, and that it is "pending transmission by circuit court to appellate." Where the form asks for the issues raised in the appeal, he states "denied habeas corpus motion dated 8-7-24 and 11-20-24 seeking bond reduction, pretrial release. Court did not uphold Abraham v. Commonwealth or elements required in 431.520 431.525, or RCr 4.10, 4.14, 4.16." He states that he filed no other appeals. As relief, Okum requests the following:

> I ask the Court to remand this writ of habeas corpus to the trial court of Christian County Ky. Judge Self, to include instructions to release me on my own recog, or some type of unsecured non financial condition or ankle monitor pending trial so I

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

may support my family while proving my innocence in the alleged violations I'm being subject to.  I am currently held on $130,000 cash bond.

Okum attaches to his § 2241 petition form a "supplement" in which he states, "In addition to my 2241 packet, I'm asking this court to place a stay on the Circuit Court of Christian County (Judge Self) preventing revocation of probation until a conviction is gathered in indictment 24-CR-317."

## II.

Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention.  *Id.* at 545-46; *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal.").  Therefore, habeas relief is generally unavailable when a petitioner is requesting a federal court's review of a decision in his pending state court criminal case, as Okum is requesting in the instant § 2241 petition.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973).

As explained by the Court in its show-cause order, to the extent the petition could be broadly construed as asserting a claim for unreasonable or excessive bond, a claim for excessive bond may be a special circumstance that warrants pre-conviction habeas corpus intervention by a federal court under § 2241.  *Atkins*, 644 F.2d at 549.  However, Okum must still exhaust all of his state court remedies before bringing an excessive bond claim under § 2241.  *See Braden*, 410

U.S. at 490; *Atkins*, 644 F.2d at 546; *Maddox El v. 38th Dist. Court*, No. 2:22-CV-12811, 2023 U.S. Dist. LEXIS 14632, at *6 (E.D. Mich. Jan. 27, 2023) ("[P]etitioner is not entitled to consideration of his excessive bail claim, because there is no indication that he has exhausted his state court remedies with respect to that claim."). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Before dismissing the petition, the Court provided Okum with an opportunity to respond to show cause whether he has exhausted all available state court remedies with respect to his claim for excessive bond. However, Okum failed to respond to the Court's order. Therefore, the Court finds that Okum has not met his burden to show compliance with the exhaustion requirement or that the state process would be futile. Therefore, by separate Order, the Court will dismiss the petition for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

In the event that Okum appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist

could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: March 5, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner, *pro se*
      Respondents
4411.010